MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS CARILLO, an individual | Case No.: 2:12-cv-01416 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| STEPHEN R. KOPOLOW, P.C., a Nevada Professional Corporation; CACH, LLC, a Colorado Limited Liability Company | |
| Defendants. | |

**COMPLAINT**

Plaintiff, CARLOS CARILLO (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action on his own behalf for actual and statutory damages arising from Defendants' violations of the Fair Debt Collection Practices Act

(hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. STEPHEN R. KOPOLOW, P.C. (hereinafter referred to as "KOPOLOW") is a Nevada Professional Corporation, the principal purpose of whose business is the collection of debts.

8. CACH, LLC (hereinafter referred to as "CACH") is a Colorado limited liability company, doing business in Nevada, the principal purpose of whose business is the collection of debts. KOPOLOW and CACH are jointly referred to as "DEFENDANTS".

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANTS are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

10. At all times material hereto, and in doing the acts and omissions alleged herein, the DEFENDANTS and each of them acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

11. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein each of the DEFENDANTS sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to PLAINTIFF on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

**STATEMENT OF FACTS**

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13. KOPOLOW contacted PLAINTIFF by mail and by telephone in an attempt to collect a consumer debt from PLAINTIFF allegedly owed to CACH, LLC, which debt was allegedly originally owed to Bank of America.

14. On or about March 10, 2012, KOPOLOW mailed a letter demanding payment of this debt to PLAINTIFF at 230 Las Vegas Blvd. S Las Vegas, NV 89101. This is not and has never been PLAINTIFF's address; it is the address of Nevada State Bank.

15. On or about May 29, 2012, counsel for PLAINTIFF sent a letter to KOPOLOW informing KOPOLOW that PLAINTIFF was represented by counsel in connection with the alleged debt.

16. On or about June 1, 2012, KOPOLOW sent a letter to PLAINTIFF's counsel confirming receipt of PLAINTIFF's counsel's May 29, 2012 letter.

17. On or about June 13, 2012, KOPOLOW sent another letter to PLAINTIFF at the Nevada State Bank address.

18. In communicating with PLAINTIFF, DEFENDANTS misrepresented the character, amount, and/or legal status of alleged debt in violation of the FDCPA.

19. As a result of the acts and omissions of the DEFENDANTS, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

20. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.  PLAINTIFF reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(2)
### (against all Defendants)

21. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22. Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*   \*   \*
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt….

- 4 -

23. In attempting to collect an alleged consumer debt, KOPOLOW, acting agent for CACH, misrepresented the amount and/or legal status of the debt.

24. As a result of the violations by DEFENDANTS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

25. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692c(a)(1)
**(against all Defendants)**

26. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. 15 U.S.C. § 1692c(a) states, in pertinent part,

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer….

28. KOPOLOW, acting as agent for CACH, sent at least two communications to PLAINTIFF at Nevada State Bank's address, an address that does not and has never belonged to PLAINTIFF. In so doing, KOPOLOW communicated with PLAINTIFF at a place which it knew or should have known would be inconvenient to PLAINTIFF in violation of 15 U.S.C. section 1692c(a)(1).

29. As a result of the violations by DEFENDANTS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

- 5 -

30. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692c(a)(2)
**(against all Defendants)**

31. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 30 inclusive, above.

32. 15 U.S.C. § 1692c(a) states, in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> * * *
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer….

33. On or about May 29, 2012, PLAINTIFF's counsel informed KOPOLOW that PLAINTIFF was represented by counsel in connection with the alleged debt.

34. At no time did PLAINTIFF's counsel fail to respond to communications from DEFENDANTS.

35. Thereafter, on or about June 13, 2012, KOPOLOW, acting as agent for CACH, sent a letter to PLAINTIFF at the Nevada State Bank address in violation of 15 U.S.C. section 1692c(a)(2).

36. As a result of the violations by DEFENDANTS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

37. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANTS for the following:

(1) For statutory damages pursuant to 15 U.S.C. § 1692k;

(2) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k;

(3) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this 16th day of August 2012.

          **THE BOURASSA LAW GROUP, LLC**

          **/S/ MARK J. BOURASSA, ESQ.**
          MARK J. BOURASSA, ESQ.
          Nevada Bar No. 7999
          TRENT L. RICHARDS, ESQ.
          Nevada Bar No. 11448
          8668 Spring Mountain Rd., Suite 101
          Las Vegas, Nevada 89117
          *Attorneys for Plaintiff*